UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

UNITED STATES OF AMERICA,

              -against-

DONATYVEUS THOMAS,

              Defendant.

------------------------------------------------------------------x

**ORDER**

15 CR 464 (PKC)

PAMELA K. CHEN, United States District Judge:

      The Court has requested that the parties address two issues relating to Defendant's motion for release on bond pending trial, pursuant to Title 18, United States Code, Section 3142: (1) whether a rebuttable presumption of detention applies pursuant to Sections 3142(e)(2)(A), 3142(f)(1)(E), 3142(f)(1)(A), and 3156(a)(4); and (2) whether Defendant has a right, or should otherwise be permitted, to subpoena witnesses, *e.g.*, the arresting officers in the underlying criminal matter that led to this federal prosecution, for the bail hearing to be held on March 22, 2016. As discussed below, the Court need not, and does not, resolve at this time the issue of whether a presumption of detention applies to this case. However, the Court will revisit this issue in the event the government determines that they are able to satisfy Section 3142(e)(2)(B). As for the second issue, the Court finds that although Defendant is entitled under Section 3142(f) to present witnesses at the bail hearing, he is not entitled to compel or subpoena their appearance or testimony at the hearing. Accordingly, Defendant will not be permitted to subpoena the arresting officers or any other witnesses for the March 22, 2016, bail hearing.

A.      Presumption of Detention

For now, this issue requires little discussion given that both sides agree – for different reasons – that no presumption of detention applies. While Defendant categorically disputes the applicability of the presumption under Section 3142(e)(2) to this case, that argument is rendered moot by the government's acknowledgement that all three subparagraphs of Section 3142(e)(2) must be met in order for the presumption to apply, and its concession that it cannot satisfy Subparagraph (B), which requires that Defendant have committed the offense charged in this prosecution while on release pending trial for a federal, State or local offense. The Court, therefore, need not resolve the legal challenge raised by Defendant regarding the applicability of Section 3142(e) unless and until the government has evidence that would satisfy all three subparagraphs of that section.

B.      Defendant's Right to Subpoena Witnesses for a Bail Hearing

Relying on *Washington v. Texas*, 388 U.S. 14 (1967) and Rule 17 of the Federal Rules of Criminal Procedure, Defendant argues that he has both a constitutional and statutory right to "secur[e] the testimony of the relevant police officers to defend his liberty interests at a detention hearing." (Dkt. 18 at 8.) Notably, Defendant does not explicitly argue that he has the right to *compel*, *i.e.*, *subpoena*, such witnesses to testify at a detention hearing. Indeed, neither *Washington* nor Rule 17 provides Defendant that authority.

In *Washington v. Texas*, the Supreme Court held that a State procedural statute precluding criminal defendants from calling as witnesses persons charged as principals, accomplices, or accessories in the same crime violated the defendant's Sixth Amendment "right to have compulsory process for obtaining witnesses in his favor." 388 U.S. at 23. However, *Washington* only addressed a defendant's Sixth Amendment right to compel witnesses for *trial*, and not for

*pretrial* proceedings, such as a detention hearing. Furthermore, as the Supreme Court later emphasized in *United States v. Valenzuela-Bernal*, 458 U.S. 858 (1982), a defendant's Sixth Amendment right to compel witnesses does not "grant . . . a criminal defendant the right to secure the attendance and testimony of any and all witnesses: it guarantees him 'compulsory process for obtaining *witnesses in his favor*.'" 458 U.S. at 867 (quoting Sixth Amendment) (emphasis added). Hence, even with respect to trial witnesses, a defendant must show that the witness would testify favorably to the defense in order to compel that witness's testimony. *See id.* Of particular relevance here, the Court also noted: "That the Sixth Amendment does not guarantee criminal defendants the right to compel the attendance of any and all witnesses is reflected in . . . [Rule 17(b), which] requires the Government to subpoena witnesses on behalf of indigent defendants, but only 'upon a satisfactory showing . . . that the presence of the witness is *necessary to an adequate defense*.'" 486 U.S. at 867 n.7 (quoting Fed. R. Crim. P. 17(b)) (emphasis added).[1] Thus, both the Sixth Amendment and Rule 17 require that a defendant seeking to compel the testimony of a witness at trial must demonstrate that the witness will testify favorably to the defendant. Here, even if Defendant had a Sixth Amendment right to compel witnesses for the detention hearing, he has made no showing that the two law enforcement officers he wishes to subpoena would testify favorably to him.

More fundamentally, Defendant has failed to demonstrate that the Sixth Amendment right to compel witnesses applies to pretrial proceedings. Rather, courts in this Circuit have held, in different contexts, that the Sixth Amendment does not apply to pretrial hearings. *See*, *e.g.*, *United*

---

[1] The current version of Rule 17(b) provides the same: "Upon a defendant's ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the *necessity of the witness's presence for an adequate defense*." (Emphasis added.)

4

*States v. Falvey*, 540 F.Supp. 1306, 1315 (E.D.N.Y. 1982) (Sixth Amendment confrontation right does not apply at pretrial hearings such as ex parte Foreign Intelligence Surveillance Act proceedings) (citing *McCray v. Illinois*, 386 FU.S. 300, 313-14 (1967)); *United States v. Bin Laden*, 98 CR 1023 LBS, 2001 WL 66393, at *6 (S.D.N.Y. Jan. 25, 2001) (citing cases where defendants' exclusion from different types of pretrial proceedings found not to violate the Sixth Amendment). Indeed, just as the government argues, in passing the Bail Reform Act, "Congress did not [intend] detention hearings to resemble mini-trials." *United States v. Martir*, 782 F.2d 1141 (2d Cir. 1986) (rejecting defendant's argument that government's informal proffer was insufficient to support his pretrial detention pursuant to Section 3142). Nor are they intended to serve as a "discovery tool for the defendant." *Id*. at 1145. In *Martir*, the Second Circuit explained that "[w]hile the [Bail Reform] Act is silent concerning how the government is to proceed at a detention hearing, the thrust of the legislation is to encourage informal methods of proof." *Id*. at 1144-45.

Consistent with this approach, Section 3142(f) provides that a defendant may present information by proffer at the hearing and that the rules of evidence governing admissibility of evidence do not apply. 18 U.S.C. § 3142(f); *Martir*, 782 F.2d at 1145. The government is also permitted to proceed by proffer with respect to a pretrial detention request. *United States v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995) (finding that "government may proceed by proffer" regarding defendant's dangerousness) (citing *United States v. Salerno*, 481 U.S. 739, 743 (1987)); *United States v. LaFontaine*, 210 F.3d 125, 131 (2d Cir. 2000) ("It is well established in this circuit that proffers are permissible both in the bail determination and bail revocation contexts."). Furthermore, the Court may simply rely on the parties' proffers in deciding whether to grant or deny a request for pretrial release, and is not required to hold an evidentiary hearing. *See*

*LaFontaine*, 210 F.3d at 131-32 (finding no abuse of discretion by district court for relying solely on government's proffer in revoking defendant's bail and not requiring any witnesses to be presented). It is ultimately for the Court to decide whether an evidentiary hearing is necessary and, if so, what information needs to be presented at the hearing. *Martir*, 782 F.2d at 1145 ("Congress explicitly left open what kinds of information would be a sufficient basis for release, choosing to leave the issue to the judgment of the courts on a case-by-case basis.").

What logically flows from these principles is that a criminal defendant does not have a right to an evidentiary hearing on the issue of pretrial detention and that, if such a hearing is held, he does not have an absolute right to compel the testimony of witnesses at that hearing. *See United States v. Sanchez*, 457 F. Supp. 2d 90, 92 (D. Mass. 2006) (finding that "a defendant has no absolute 'right' to subpoena adverse witnesses at a detention hearing") (internal citation omitted).[2] Accordingly, the Court finds that Defendant may not compel or subpoena the appearance or testimony of the two arresting officers in the underlying criminal case for the March 22 detention hearing in this matter.

SO ORDERED:

/s/ Pamela K. Chen

PAMELA K. CHEN
United States District Judge

Dated: March 11, 2016
      Brooklyn, New York

---

[2] Given the case law establishing that certain protections of the Sixth Amendment do not apply, or are limited with respect, to pretrial proceedings, the Court does not believe that a defendant has a Sixth Amendment right to compel witnesses favorable to the defense at a detention hearing. However, the Court need not resolve that issue since Defendant does not argue, and has made no showing, that the testimony of the two arresting officers in this case would be favorable to him.